# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EVERGLADES GAME TECHNOLOGIES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 14-644-GMS |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| VALVE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

### ANSWER, DEFENSES, AND COUNTERCLAIMS OF VALVE CORPORATION TO EVERGLADES GAMES TECHNOLOGIES, LLC'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Valve Corporation ("Valve") answers the Complaint of Plaintiff Everglades Games Technologies, LLC ("Everglades"), and counterclaims as follows. The numbered paragraphs below correspond to the numbered paragraphs of the Complaint. Any allegations not specifically admitted are denied.

### THE PARTIES

1. Valve lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1 and, therefore, denies them.

2. Valve admits the allegations contained in Paragraph 2.

### JURISDICTION AND VENUE

3. Valve admits that Everglades purports to bring this action under the Patent Act, 35 U.S.C. § 1 *et seq*. Valve denies any infringement or liability.

4. Valve admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

5. Valve denies any infringement or liability. Valve admits that it conducts business in the District of Delaware and derives revenue from goods and services provided to residents of Delaware. Valve denies the remaining allegations in paragraph 5 of the Complaint.

6. Valve admits that venue is proper in the District of Delaware under 28 U.S.C. §§ 1391(b), (c) and 1400(b). Valve denies that this District is convenient for the parties or witnesses or the appropriate venue for this action considering the interests of justice.

## THE PATENT-IN-SUIT

7. Valve admits that the date, patent number, and title shown on Exhibit A to the Complaint match the information contained in Paragraph 7. Valve lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 7 and, therefore, denies them.

8. Valve lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 8 and, therefore, denies them.

## COUNT I --
## INFRINGEMENT OF U.S. PATENT NO. 6,656,050

9. Valve incorporates by reference its answers to Paragraphs 1 through 8.

10. Valve denies the allegations in Paragraph 10.

11. Valve denies the allegations in Paragraph 11.

## JURY DEMAND

No response is required from Valve.

## PRAYER FOR RELIEF

Valve denies that Everglades is entitled to any relief whatsoever from Valve or this Court, either as requested in the Complaint or otherwise.

**DEFENSES**

Valve alleges and asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, Valve specifically reserves all defenses under rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or be available in the future based on discovery, further factual investigation in this case, or additional allegations by Everglades.

**First Defense**

**(Failure to State a Claim)**

12. The Complaint, in whole or in part, fails to state a claim regarding United States Patent No. 6,656,050 ("'050 Patent") upon which relief can be granted with respect to Valve.

**Second Defense**

**(Invalidity of '050 Patent)**

13. Each asserted claim of the '050 Patent is invalid for failure to comply with the requirements of the Patent Statutes, 35 U.S.C. § 1, *et seq.*, including, but not limited to, §§ 101, 102, 103 and/or 112.

**Third Defense**

**(Non-infringement of the '050 Patent)**

14. Valve has not and does not directly or indirectly infringe any valid claim of the '050 Patent either literally or under the doctrine of equivalents and is not liable for infringement thereof.

### Fourth Defense

### (Laches and/or estoppel re '050 Patent)

15. Everglades is barred by laches and/or estoppel from obtaining relief for alleged infringement.

### Fifth Defense

### (Preclusion from recovering damages re '050 Patent)

16. Everglades is precluded from recovering damages for any acts of alleged infringement by Valve occurring more than six (6) years before the filing of the Complaint pursuant to 35 U.S.C. § 286.

### Sixth Defense

### (Prosecution history estoppel or disclaimer)

17. Everglades is barred by the doctrines of prosecution history estoppel and prosecution disclaimer from maintaining that Valve infringes the '050 Patent.

### Seventh Defense

### (Lack of Standing)

18. On information and belief, Everglades has failed to demonstrate that it has standing to bring suit for alleged infringement of the '050 Patent.

### Eighth Defense

### (No enhanced damages re '050 Patent)

19. On information and belief, Everglades has failed to plead and meet the requirements of 35 U.S.C. § 284 for enhanced damages and is not entitled to any damages prior to providing actual notice to Valve of the '050 patent and of any alleged infringement thereof.

## COUNTERCLAIMS

For its counterclaims against Everglades Game Technologies, LLC ("Everglades"), Valve Corporation ("Valve") states as follows:

## THE PARTIES

1. Valve is a Washington corporation, with its principal place of business located at 10900 NE 4th Street, Suite 500, Bellevue, Washington 98004.

2. According to the allegations of Everglades in Paragraph 1 of its Complaint, Everglades is a Delaware limited liability company with a place of business located at 1304 SW 160th Avenue, Suite 135, Sunrise, Florida 33326.

## JURISDICTION AND VENUE

3. There is an actual controversy between Valve and Everglades with respect to U.S. Patent No. 6,656,050 (the "'050 Patent"). This Court has subject matter jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

4. By bringing its Complaint for alleged infringement of the '050 Patent, Everglades has subjected itself to the personal jurisdiction of this Court.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Venue is convenient in this district only because this is a counterclaim. Valve reserves the right to pursue the counterclaims set forth herein in another district, should that subsequently become appropriate.

6. Valve is entitled to a judicial determination and declaration that it has not infringed the '050 Patent, and that the '050 Patent is invalid and unenforceable.

**FIRST COUNTERCLAIM**

**(Declaratory Judgment of Non-infringement of the '050 Patent)**

7. Valve repeats and realleges the allegations contained in Paragraphs 1-6 of these Counterclaims.

8. Valve has not literally or under the doctrine of equivalents infringed and does not literally or under the doctrine of equivalents infringe any valid claim of the '050 Patent. For example and without limitation, the only allegedly infringing system or method alleged by Everglades is "Steam Trading Card games." The claims of the '050 Patent expressly require the presence of a "player" of a "game." Valve had not and does not infringe any of the claims of the '050 Patent because, among other reasons, Steam Trading Cards do not involve playing a "game," as that term is used in the '050 Patent, and there is no "player" and no "winning" either. Because no "game" is played with Steam Trading Cards, necessarily no "game board" and no "game site" exists, each of which provides an additional independent reason why Valve does not infringe the claims of the '050 Patent.

9. Valve is entitled to entry of judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that Valve has not infringed and does not infringe any valid claim of the '050 Patent.

**SECOND COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '050 Patent)**

10. Valve repeats and realleges the allegations contained in Paragraphs 1-9 of these Counterclaims.

11. The claims of the '050 Patent are invalid for failure to comply with the requirements of the Patent Statutes, 35 U.S.C. § 1, *et seq.*, including, but not limited to, §§ 101, 102, 103 and/or 112. For example and without limitation, the claims of the '050 Patent are

6

invalid under 35 U.S.C. § 101 as directed to non-statutory subject matter at least because they fail to satisfy the two-step test articulated in *Alice Corp. v. CLS Bank, Int'l*, 134 S. Ct. 2347 (2014). The claims of the '050 Patent are directed to trading game pieces with others to complete a winning combination of a collect and win game, which is an abstract idea beyond the scope of 35 U.S.C. § 101. In addition, the claims of the '050 patent at most require generic computer implementation and therefore fail to transform the abstract idea into a patent-eligible invention.

12. Valve is entitled to entry of judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that the claims of the '050 Patent are invalid.

## REQUEST FOR RELIEF

Valve requests that the Court enter a judgment:

A. Dismissing Everglades' claims against Valve with prejudice;

B. Declaring that Valve has not infringed and does not infringe any valid claim of U.S. Patent No. 6,656,050;

C. Declaring that the claims of U.S. Patent No. 6,656,050 are invalid;

D. Finding that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Valve its reasonable attorney fees, expenses, and costs incurred in this action; and

E. Awarding such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant/Counterclaim Plaintiff Valve respectfully requests a jury trial on all issues triable thereby.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Jayson Sowers (#3256)
RIDDELL WILLIAMS P.S.
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154-1192
Tel: (206) 389-1602
jsowers@riddellwilliams.com


Dated: August 8, 2014
1162013 / 41600

By: /s/ Richard L. Horwitz
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com
    bpalapura@potteranderson.com

*Attorneys for Defendant Valve Corporation*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## **CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on August 8, 2014, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on August 8, 2014, the attached document was Electronically Mailed to the following person(s):

Stamatios Stamoulis
Richard C. Weinblatt
STAMOULIS & WEINBLATT LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
stamoulis@swdelaw.com
weinblatt@swdelaw.com

                                                By:    */s/ Richard L. Horwitz*
                                                            Richard L. Horwitz
                                                            David E. Moore
                                                            Bindu A. Palapura
                                                            POTTER ANDERSON & CORROON LLP
                                                            Tel: (302) 984-6000
                                                            rhorwitz@potteranderson.com
                                                            dmoore@potteranderson.com
                                                            bpalapura@potteranderson.com

1156874 / 41600